———————

No. 96-1144

———————

United States of America,      *
                                  *

        Appellee,              *
                                  *

    v.                        *  Appeal from the United States
                                  *  District Court for the Southern

James Wesley Reddix,       *  District of Iowa.
                                  *

        Appellant.           *

———————

Submitted:  October 25, 1996

Filed:  February 5, 1997

———————

Before WOLLMAN, ROSS and MURPHY, Circuit Judges.

———————

ROSS, Circuit Judge.

This appeal arises out of the conviction of appellant, James Wesley Reddix. The district court[1] sentenced appellant to 360 months imprisonment pursuant to a jury verdict finding him guilty of conspiracy to distribute crack cocaine, distribution of crack, and use of a communication facility to distribute crack. On appeal, appellant asserts an ineffective assistance of counsel claim and makes several attacks on the district court's evidentiary rulings. We affirm.

The government offered evidence at trial showing that beginning in the fall of 1991, appellant, a resident of California,

———————

[1]Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa.

began a conspiracy with Richard Lewis to sell drugs in Des Moines, Iowa, and, with the use of wire and communication facilities, returned the drug proceeds back to Los Angeles. Both appellant and Lewis were caught attempting to transport a large sum of cash through airport security at the Des Moines airport. Another co-conspirator, Daphenea Gibson, was arrested after Des Moines police found a kilo of crack cocaine in her car, which she told police she had received from appellant.

First, appellant argues that his trial counsel was ineffective in failing to investigate potential witnesses and relevant information and in failing to conduct a proper cross-examination, all in violation of his Sixth Amendment rights. We decline to address the claim of ineffective assistance of counsel, however, because the issue was not raised below. Ordinarily, such claims cannot be established without the development of facts outside the original record and therefore cannot be asserted on direct appeal, except in cases "where the obvious result would be a plain miscarriage of justice or inconsistent with substantial justice," United States v. DePuew, 889 F.2d 791, 792-93 (8th Cir. 1989) (citation omitted), or where the district court has fully developed a record on the ineffective counsel issue. United States v. Jennings, 12 F.3d 836, 840 (8th Cir. 1994). This is not one of those exceptional cases requiring consideration of this issue without an adequate record on appeal.

Appellant next contends the district court abused its discretion by admitting testimony of Raylene Daye, who testified that she was robbed of drugs in her possession and speculated that appellant had something to do with these drugs. Appellant contends on appeal that this testimony amounted to inadmissible prior bad acts evidence under Fed. R. Evid. 404(b). We disagree. The testimony was relevant to establish appellant's knowledge of and participation in the ongoing conspiracy to distribute crack cocaine. Any prejudicial effect of the testimony was not

outweighed by its probative value.  See United States v. DeAngelo, 13 F.3d 1228, 1231-32 (8th Cir.), cert. denied, 114 S. Ct. 2717 (1994).  A district court has "broad discretion to admit such evidence and its discretion will not be overturned unless it is clear that the evidence had no bearing upon any of the issues involved."  Id. at 1232.  The district court did not abuse its discretion in admitting the testimony.

Appellant also argues that the district court committed reversible error in allowing the government to use leading questions in its direct examination of Daphenea Gibson.  Fed. R. Evid. 611(c) provides that leading questions should not be used on the direct examination of a witness "except as may be necessary to develop the witness' testimony."  However, when a party calls a hostile witness, or a witness identified with an adverse party, interrogation may be by leading questions.  Id.  We have read the testimony of the witness and find nothing that would indicate that Rule 611(c) was violated.  Only three questions in a lengthy examination of a co-conspirator were objected to as leading and suggestive.  The district court acted within its discretion in allowing the examination.

Nor did the district court abuse its discretion in addressing the appellant's race during voir dire, and inquiring of the members of the jury panel whether the appellant's race would affect their decision.  Federal courts are required to inquire as to possible racial biases of veniremen when the defendant is a member of a racial minority.  Swink v. City of Pagedale, 810 F.2d 791, 793 (8th Cir.), cert. denied, 483 U.S. 1025 (1987) (citing Aldridge v. United States, 283 U.S. 308 (1931); Ham v. South Carolina, 409 U.S. 524, 527 (1973)).  The appellant's argument is without merit.

Appellant's claim of coerced witness testimony is similarly without merit, as there was no evidence of any coercion of a witness.  We also reject appellant's assertion that the district

court erred in admitting evidence that appellant made a death threat against Richard Lewis while the two were in a holding cell prior to trial. This court has stated that evidence of death threats against cooperating witnesses is generally admissible against a criminal defendant to show an admission by conduct or knowledge of guilt of the crime charged. United States v. DeAngelo, 13 F.3d at 1232; United States v. Runge, 593 F.2d 66, 70 (8th Cir.), cert. denied, 444 U.S. 859 (1979).

Finally, we conclude the district court did not err in allowing the conversion of the Western Union wire transfer money into crack cocaine, as opposed to powder cocaine. The testimony at trial established that the appellant was in the business of selling crack cocaine, not cocaine powder. Richard Lewis testified that once the crack cocaine was sold, he would take the money to either Daphenea Gibson or Monica Lewis for them to make either a Federal Express delivery or Western Union transfer of the money to appellant. In light of all the evidence presented at trial, the district court did not err in either converting the Western Union transfers to crack cocaine, or in calculating the quantity of drugs.

Based on the foregoing, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-