# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-4202

_____

United States of America,         *

                      *

        Appellee,            *

                      *   Appeal from the United States

        v.               *   District Court for the

                      *   Western District of Missouri.

Morion Harris,            *

                      *      [UNPUBLISHED]

        Appellant.        *

_____

Submitted:  September 1, 1998
Filed:  September 4, 1998

_____

Before FAGG, BEAM, and LOKEN, Circuit Judges.

_____

PER CURIAM.

A grand jury returned an indictment charging that Morion Harris and Rochelle Scott knowingly and intentionally conspired to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and, aiding and abetting each other, knowingly possessed with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  After a two-day trial, at which Scott testified for the government, a jury found Harris guilty of aiding and abetting the possession of cocaine with intent to distribute, but could not reach a verdict on the conspiracy count which

was ultimately dismissed. The district court[1] sentenced Harris to 120 months imprisonment and five years supervised release.

On appeal, Harris argues that the district court erred in allowing Scott to testify that, while the two were confined at a detention center awaiting trial, Harris showed her a note urging her not to testify. Harris argues that the evidence was extrinsic evidence of bad conduct and character under Federal Rule of Evidence 404(b), and that even if it was properly admitted under Rule 404(b), it should have been excluded under Federal Rule of Evidence 403.

We conclude the district court's decision to admit the evidence was not an abuse of discretion. See United States v. Reddix, 106 F.3d 236, 238 (8th Cir. 1997) (standard of review). Evidence of Harris's threat was admissible against Harris to show consciousness of guilt of the crimes charged, cf. United States v. DeAngelo, 13 F.3d 1228, 1231-32 (8th Cir.) (evidence of death threats against cooperating parties or witnesses is admissible to show consciousness of guilt and does not implicate Rule 404(b)), cert. denied, 512 U.S. 1224 (1994), and the threat against Scott, a potential informant, was also relevant evidence of Harris's knowledge of and participation in the conspiracy, see United States v. Nunn, 940 F.2d 1128, 1130-31 (8th Cir. 1991). Harris's argument that the evidence was substantially more prejudicial than probative is without merit. See Fed. R. Evid. 403 ("evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice"); Reddix, 106 F.3d at 238.

Accordingly, we affirm the judgment of the district court.

---

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.