# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1119
_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of North Dakota. |
| Brice Earl Christians, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:   October 21, 1999

Filed:   December 29, 1999
_____

Before WOLLMAN, Chief Judge, ROSS and LOKEN, Circuit Judges.
_____

WOLLMAN, Chief Judge.

Brice Earl Christians appeals from his conviction for possession of firearms and ammunition by a convicted felon, 18 U.S.C. §§ 922(g)(1) and 924(a)(2), possession of firearms and ammunition by a fugitive from justice, 18 U.S.C. §§ 922(g)(2) and 924(a)(2), possession of stolen firearms, 18 U.S.C. §§ 922(j) and 924(a)(2), and unlawful making of a firearm, 26 U.S.C. §§ 5861(f) and 5871.  We affirm.

# I.

In October of 1997, law enforcement officials in North Dakota caught Christians, a previously convicted felon, while he was a fugitive from justice wanted by South Dakota authorities on a charge of escape from custody. After receiving notification that Christians was staying at the farmstead of his brother, Faron Christians, police officers entered the property and found that Brice Christians had fled. Faron Christians consented to a search of the residence, during which the officers discovered three firearms and a quantity of ammunition, which Faron identified as belonging to his brother Brice.

Christians was located and apprehended the next day, and was interviewed by state and federal law enforcement officials. During the course of two separate interrogations, Christians confessed to possessing several firearms and some ammunition, to sawing off the barrel and butt stock of a shotgun, and to details of many other criminal activities in which he had participated. Christians described firearms matching those that had been found on his brother's farm, and he informed the officers of the location of another firearm that he had hidden in a "slough." This information was corroborated when the officers found the firearm where Christians had told them it would be.

Christians was indicted on four federal firearm-related offenses and was found guilty by a jury on all counts. The district court[1] sentenced Christians to a prison term of 144 months, and this appeal followed.

---

[1]The Honorable Rodney S. Webb, Chief Judge, United States District Court for the District of North Dakota.

## II.

## A.

For the first time on appeal, Christians argues that he was denied his Sixth Amendment right to effective assistance of counsel. We generally do not consider ineffective assistance claims that have not first been presented to the district court because such claims, which are best evaluated on the basis of facts developed outside the original record, are more properly raised in a habeas corpus petition brought under 28 U.S.C. § 2255. See United States v. Santana, 150 F.3d 860, 863 (8th Cir. 1998).

Christians contends that he raised the ineffectiveness issue before the district court when he submitted a post-conviction letter expressing his dissatisfaction with counsel. However, the district court construed this letter as a motion for substitution of counsel, not as an ineffective assistance claim. We have distinguished between these two types of claims in the past, see United States v. Klein, 13 F.3d 1182, 1185 (8th Cir. 1994), and now find that Christians did not raise his Sixth Amendment claim before the district court.

Christians also argues that his is one of those rare cases "where the district court has fully developed a record on the ineffective counsel issue." United States v. Reddix, 106 F.3d 236, 238 (8th Cir. 1997). In such situations, we have on occasion considered ineffective assistance claims that were not technically raised before the district court. See id.; United States v. Jennings, 12 F.3d 836, 840 (8th Cir. 1994). We do not find this to be such a case, however, because Christians's trial counsel has never had an opportunity to explain his actions. Compare United States v. Williams, 897 F.2d 1430, 1434-35 (8th Cir. 1990) (recognizing exception where district court had held post-trial evidentiary hearing probing circumstances surrounding counsel's alleged failure to call critical witness). Thus, Christians's ineffective assistance of counsel claim is barred and must be brought, if at all, in a subsequent habeas petition. See Santana, 150 F.3d at 863.

**B.**

Christians next argues that the district court should have excluded certain testimony because of its unfairly prejudicial content. At trial, the government presented evidence of Christians's interview with state law enforcement officials in which he confessed to the predicate factual elements of most of the crimes of which he was accused. On both direct and cross examination, several of the government's witnesses testified that this interview had been recorded on two videotapes.

Prior to trial, however, it had been discovered that in fact the videotapes were almost entirely blank. The government proposed to call two witnesses who would explain why the videotapes could not be produced at trial by recounting a sequence of events that might be interpreted to imply that Christians had erased them. Christians objected, claiming that this evidence should be excluded under Rule 403 of the Federal Rules of Evidence because, by leading the jury to believe that he had destroyed evidence, it would be unfairly prejudicial to him.

The proposed testimony revealed that approximately one week before trial the videotapes were provided to Christians for review with his counsel. The videotapes had not been viewed by the government prior to giving them to Christians, and no duplicate copies had been made. Christians's attorney never arrived, and Christians was left alone for more than two hours in a jailhouse video room with a VCR and the original videotapes. A guard who had been seated just outside the room testified that Christians never indicated to him that the videotapes were blank, that at various times he "heard audio" coming from the monitor, and that on the one occasion when he was able to view the monitor briefly, he glimpsed what appeared to be an image of Christians's interrogation interview. Upon the return of the videotapes, however, the government discovered that each videotape contained only a momentary image of the interview scene and that the remainder was blank.

-4-

In urging the district court to admit this testimony, the government argued that it was necessary to explain the unavailability of the videotapes to the jury because during cross-examination Christians's counsel had challenged the interviewing officers' testimony that they had issued a proper <u>Miranda</u> warning and that Christians had voluntarily waived his rights before confessing. Because Christians's counsel had also repeatedly alluded to the fact that the confession had been videotaped, the government wished to rebut defense counsel's insinuation that the <u>Miranda</u> issue could be resolved by simply showing the videotapes to the jury. The district court acknowledged the potential for unfair prejudice, but determined that on balance the testimony about Christians in the jailhouse video room should be allowed.

Rule 403 of the Federal Rules of Evidence permits district courts to exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice or confusion of the issues. <u>See</u> Fed. R. Evid. 403. Unfair prejudice "speaks to the capacity of some concededly relevant evidence to lure the fact-finder into declaring guilt on a ground different from proof specific to the offense charged." <u>Old Chief v. United States</u>, 519 U.S. 172, 180 (1997). "The critical issue is the degree of unfairness of the prejudicial evidence and whether it tends to support a decision on an improper basis." <u>United States v. Payne</u>, 119 F.3d 637, 645 (8th Cir.), <u>cert.</u> <u>denied</u>, 118 S.Ct. 454 (1997). "The district court has broad discretion when weighing probative value against unfair prejudice, and we will reverse only for abuse of discretion." <u>United States v. Sparks</u>, 949 F.2d 1023, 1026 (8th Cir. 1991).

We conclude that the danger of unfair prejudice from the testimony about Christians in the jailhouse video room did not substantially outweigh its probative value. In the context of the trial as it had developed up to that point, the evidence was necessary to clarify the reason for the government's failure to present the videotapes to the jury. The district court appropriately admonished the government to limit the

testimony to the uncontested facts and not to attempt to convince the jury that Christians had erased the tapes.[2]

Moreover, the government itself was in danger of being unfairly prejudiced if it was not permitted to introduce the testimony about the videotapes being blank. In the absence of this testimony, there was a substantial risk that the prosecution's failure to produce the videotapes at trial would give rise to a jury inference that the government had something to hide. Accordingly, we find no abuse of discretion in the decision to allow the challenged testimony. See Sparks, 949 F.2d at 1026.

## C.

Finally, Christians argues that the government made an improper comment on his failure to testify, in violation of his Fifth Amendment right against self-incrimination. During summation, the prosecutor summarized information from Christians's confession and stated, "There is no contradictory evidence to those facts." Because Christians did not object at trial to the prosecutor's closing statement, we review this claim for plain error only. See Fed. R. Crim. P. 52(b); United States v. Hale, 1 F.3d 691, 694 (8th Cir. 1993).

"We reverse for prosecutorial misconduct only when the defendant can show that the prosecutor's remarks were improper and that the remarks prejudicially affected the defendant's substantial rights so as to deprive him of a fair trial." United States v. Malone, 49 F.3d 393, 398 (8th Cir. 1995) (internal citation and quotation marks omitted). "Indirect comments on a defendant's failure to testify constitute error when the comments show the prosecutor intended to call attention to the defendant's failure

---

[2]At sentencing, the district court found the evidence that Christians had erased the videotapes to be insufficient to support a two-point enhancement for obstruction of justice.

to testify or if the jury would naturally and necessarily understand the comments as highlighting the defendant's failure to testify." United States v. Moore, 129 F.3d 989, 993 (8th Cir. 1997), cert. denied, 118 S.Ct. 1402 (1998). In order to determine whether a prosecutorial comment is improper, we must consider it "within the context of the entire trial." United States v. Eldridge, 984 F.2d 943, 946 (8th Cir. 1993).

The comment to which Christians objects occurred in the following context:

> We heard that the Defendant admitted possession of all four of these firearms. That he indicated that he left the house with a .357. Indicated that he did stop at the slough and told them exactly where it was. *There was no contradictory evidence to those facts.* He admitted the buying of the .357, .220. He admitted dealings with the shotgun or .22.

Tr. vol. II at 129 (emphasis added).

This statement, although it was made during a description of Christians's confession, does not refer specifically to the fact that he did not testify at trial. Rather, it appears to be a general observation "simply in reference to the strength and clarity of the government's evidence presented at trial."[3] Moore, 129 F.3d at 993. The jury was already aware that numerous details of Christians's confession had been corroborated by other evidence, and under these circumstances it was not improper for the prosecutor to characterize those details as uncontradicted. See id.

The judgment of conviction is affirmed.

---

[3]Even if the comment had been improper, Christians has done nothing to show that it was prejudicial, as is his burden under plain error review. See United States v. Olano, 507 U.S. 725, 734-35 (1993).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.