# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3808

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | United States District Court |
| Appellee, | * | For the Eastern District of |
| v. | * | Missouri. |
| | * | |
| Walter West, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: May 16, 2001

Filed: May 25, 2001

_____

Before McMILLIAN and BEAM, Circuit Judges, and KYLE,[1] District Judge.

_____

PER CURIAM.

Walter West, was convicted in the district court[2] of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). He was arrested after he became upset during an argument with his mother and began discharging a shotgun in her house,

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, sitting by designation.

[2]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

shooting several holes in a back screen door and breaking out several windows.  He appeals, claiming that he was denied effective assistance of counsel and that his confrontation clause rights were violated by admission of a hearsay statement.   We affirm.

West argues, for a variety of reasons, that he received ineffective assistance of counsel at his trial.  We do not normally review such claims on direct appeal.  United States v. Logan, 49 F.3d 352, 361 (8th Cir. 1995).  The proper procedural avenue for such a claim is usually a motion under 28 U.S.C. § 2255.  United States v. Payton, 168 F.3d 1103, 1105 n.2 (8th Cir. 1999).  An ineffective assistance claim may only be asserted in a direct appeal where the district court has fully developed a record on the issue, or where failing to do so would result in a plain miscarriage of justice.  See United States v. Reddix, 106 F.3d 236, 238 (8th Cir. 1997).  Because we find neither of these exceptional circumstances present, we will not address these claims.

West next argues that one of the arresting officers improperly testified to an out-of-court statement made by West's sister, who did not testify at trial, thereby violating West's right to confront witnesses against him.  The officer testified, "I was approached by the sister . . . who stated her brother had shot his weapon, broke out a front window and storm door of their house and then locked himself in the house."  The potentially offensive part of the hearsay statement is that West had shot his weapon, thus supporting the conclusion that West possessed the weapon.  West argues that without this statement, the evidence only shows that he possessed an air rifle, found in the house when he was arrested, possession of which would not be a violation of the

statute. The evidence, therefore, would not conclusively establish that he possessed the prohibited shotgun.

Because West did not object to the admission of the this statement at trial, we would reverse only for plain error. Fed. R. Crim. P. 52(b); United States v. Campa-Fabela, 210 F.3d 837, 840 (8th Cir. 2000) (failure to timely object to evidentiary rulings at trial limits appellate review to plain error); United States v. McDaniel, 773 F.2d 242, 245 (8th Cir. 1985) ("statements admitted into evidence in violation of the confrontation clause do not constitute grounds for reversal unless a timely and specific objection is made at trial" and are only reviewed for plain error). "Plain error occurs if (1) there is an error, (2) the error is obvious, and (3) the error affects a defendant's substantial rights." United States v. Hill, 91 F.3d 1064, 1072 (8th Cir. 1996). "Normally, although perhaps not in every case, the defendant must make a specific showing of prejudice to satisfy the 'affecting substantial rights' prong of Rule 52(b)." United States v. Olano, 507 U.S. 725, 735 (1993). Under this plain error analysis we engage in a specific analysis of the district court record to determine whether the error was prejudicial. Id. at 734. The appellant bears the burden of persuasion in showing that the error was prejudicial. Id.

The government argues that there was no error because either (1) the statement was not hearsay because it was not offered to prove the truth of the matter asserted, or (2) it satisfies the excited utterance exception under Federal Rule of Evidence 803(2). Although we find both of these arguments highly dubious, we need not address them because we find that even if there was error, West has failed to demonstrate that it was prejudicial.

-3-

There was overwhelming evidence linking the appellant to the shotgun, and the prejudicial content of the improper hearsay statement, if any, was very limited. A neighbor across the street heard gunshots and went to her window. She observed the appellant come out of his house holding a gun, place the gun in his car, retrieve the gun, bang on the front windows and door with the butt of the gun, then re-enter the house. Shortly thereafter she heard more gun shots. She also identified the shotgun at trial as the gun she saw him carrying, but she admitted she could not be certain it was that exact gun because of the distance she was from appellant. One officer saw appellant through the front window holding a gun, negotiated with him for five minutes, and observed the gun as it was tossed from that window immediately before appellant came out the front door to surrender. A second officer saw appellant through the same window but did not see the gun, listened to the negotiation, and observed the gun fly from that window immediately before appellant came out the front entrance. The shotgun in question is the gun which was tossed from the front window, while the air rifle was found elsewhere in the house.

The appellant testified at his trial. He explained that he had been upset because his mother would not let him borrow the battery from her car and, as a threatening move, he grabbed his air rifle, which he used to smash a few windows of the house. He asserted the only gun anyone could have seen him with was this air rifle, and not the prohibited shotgun. He claimed the shotgun blasts, and resulting damage to the house, were the handiwork of his friend "Baby" who was in the house firing the shotgun while appellant was having the disagreement with his mother. Appellant did not know Baby's real name, nor why Baby had a shotgun at the house, nor why he was shooting it. According to West, the police did not find Baby when they searched the

house because he was in a locked room in the basement. Appellant's mother testified that there was a room in the basement that was often locked but made no mention of Baby. In light of this evidence, the admission of the sister's hearsay statement would have had, at best, a de minimis affect on a fact finder. West suffered no prejudice.

West's remaining claim that he was not given sufficient notice that the government would pursue a sentence enhancement under 18 U.S.C. § 924(e) is wholly without merit and bears no further comment.

Accordingly, we affirm the conviction and the sentence imposed by the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.