# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1774

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Arkansas. |
| | * | |
| Michael Todd, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: November 13, 2001

Filed: November 23, 2001

_____

Before McMILLIAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

The Government charged Michael Todd with aiding and abetting mail fraud and aiding and abetting money laundering. See 18 U.S.C. §§ 1341, 1957. At Todd's first trial, Todd testified and the jury could not reach a verdict. At a second trial, Todd did not testify and the jury convicted him. The district court[*] denied Todd's

_____

[*]The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

motion for a judgment of acquittal or new trial, and sentenced Todd to forty-six months in prison.

On appeal, Todd first contends the district court improperly denied his motion for a mistrial because the Government violated his Fifth Amendment right against self-incrimination. According to Todd, the Government made an improper comment on his failure to testify by making an indirect remark during opening statement and by asking eleven questions during the Government's case in chief. Specifically, during opening statement, the prosecutor argued Todd had a practice of "abandon[ing] and cover[ing]" that was "continuing now" and would not end until the jury deliberated and reached a verdict. Later, the prosecutor asked different witnesses whether certain statements by Todd would be accurate.

Because Todd did not object during his trial, we review only for plain error. See United States v. Christians, 200 F.3d 1124, 1128 (8th Cir. 1999). To establish a Fifth Amendment violation, Todd must show the remarks and questions were improper and they prejudicially affected his substantial rights and thus deprived him of a fair trial. Id. "'Indirect comments on a defendant's failure to testify constitute error when the comments show the prosecutor intended to call attention to the defendant's failure to testify or if the jury would naturally and necessarily understand the comments as highlighting the defendant's failure to testify.'" Id. (quoting United States v. Moore, 129 F.3d 989, 993 (8th Cir. 1997)). We conclude the Government's remarks and questions were neither improper nor prejudicial, and thus, the district court did not abuse its discretion in denying a mistrial. Indeed, when the Government made the statements and asked the questions, the Government expected Todd to testify and thus would not be commenting on his failure to do so. In any event, the limited, vague remarks and questions over the course of a four-week trial do not constitute plain error.

Second, Todd asserts the Government's strike of two blacks from the jury violated Batson v. Kentucky, 476 U.S. 79 (1986) (precluding use of peremptory challenge to exclude potential juror solely on the basis of race). The Government used all ten of its peremptory challenges and struck two black potential jurors, leaving three minorities on the jury. Todd raised a Batson objection, and the Government explained it removed the first black juror because she seemed confused by a legal concept and offended at the prosecutor's attempt to follow up. The Government said it removed the second black juror because of her employment as a life skills trainer and a specific experience the prosecutor had with a juror of the same profession who had served on Todd's codefendant's case. Todd did not offer any argument or fact to show the explanations were pretextual. Assuming without deciding Todd established a prima facie case of discrimination, we conclude the district court did not commit clear error in finding the Government offered race-neutral explanations and Todd failed to show the reasons were a pretext for race discrimination. See United States v. Hill, 249 F.3d 707, 714 (8th Cir. 2001) (explaining three-step Batson analysis).

Third, Todd contends the district court improperly grouped the money laundering counts under U.S.S.G. § 3D1.2(d). We disagree. Subection 3D1.2(d) specifically states it applies to offenses covered by § 2S1.1, which sets the offense level for money laundering. Todd also appears to assert fraud and money laundering harm the same victim and thus should be grouped as one count under § 3D1.2(b). We have already rejected this contention, holding fraud has a specific victim while money laundering victimizes society in general. United States v. O'Kane, 155 F.3d 969, 971-72 (8th Cir. 1998). Last, we reject Todd's assertion that judicial estoppel prevents the district court from grouping the counts as it did because the grouping is inconsistent with the sentencing applied to a former codefendant who pleaded guilty. The doctrine of judicial estoppel prevents a party from taking inconsistent positions in the same or related litigation. Hossaini v. Western Mo. Med. Ctr., 140 F.3d 1140,

1142 (8th Cir. 1998).  Here, the Government took the same position in both cases, and we have found no cases applying the doctrine to a court.

We thus affirm Todd's sentence.  We also deny his motion to supplement the record with the testimony of his first trial.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.