# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 03-3850

———————

United States of America,             *

                            *

          Appellee,        *

                            *   Appeal from the United States

     v.                      *   District Court for the

                            *   Northern District of Iowa

Federico Valdivia-Perez, also known as  *

Freddie, also known as Marcos,      *   [Unpublished]

                            *

          Appellant.      *

———————

Submitted: October 28, 2004

Filed: November 17, 2004

———————

Before RILEY, McMILLIAN, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

      Federico Valdivia-Perez (Perez) appeals from the final judgment entered in the District Court[1] for the Northern District of Iowa after he pleaded guilty to conspiring to distribute 500 grams or more of a substance containing methamphetamine and an unspecified amount of a substance containing cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and (b)(1)(C). The district court sentenced Perez to the mandatory minimum sentence of 240 months imprisonment and 10 years supervised

———————

[1]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

release, based on his prior drug conviction. Counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that (1) the district court erred in not allowing Perez to withdraw his guilty plea when he learned that the government had decided not to file a downward departure motion for substantial assistance, and that (2) trial counsel was ineffective for failing to protect Perez during cooperation sessions. For the reasons discussed below, we affirm the judgment of the district court.

We conclude that the district court did not abuse its discretion in denying Perez's motion to withdraw his guilty plea, as there was no evidence the government withheld the downward departure motion for an unconstitutional reason, and Perez was informed both in the plea agreement and at the plea hearing that he might not receive a substantial assistance departure. See United States v. Head, 340 F.3d 628, 629 (8th Cir. 2003) (standard of review); United States v. Kelly, 18 F.3d 612, 618-19 (8th Cir. 1994) (district court did not abuse discretion in denying plea withdrawal motion premised on government's refusal to move for substantial assistance downward departure where government did not breach plea agreement or unconstitutionally withhold motion). We also find that Perez's ineffective assistance claim should be deferred to 28 U.S.C. § 2255 proceedings, where a full record can be developed regarding counsel's performance. See United States v. Christians, 200 F.3d 1124, 1126 (8th Cir. 1999).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues. Accordingly, we affirm. We also grant counsel's motion to withdraw.

_____