# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3856

_____

United States of America,        *
                                  *

        Plaintiff-Appellee,    *

                                  *   Appeal from the United States

    v.                        *   District Court for the

                                  *   Eastern District of Missouri.

Marco Nicholson,            *

                                  *      [UNPUBLISHED]

        Defendant-Appellant.   *

_____

Submitted:  November 15, 2004
Filed:  November 22, 2004

_____

Before SMITH, LAY, and BENTON, Circuit Judges.

_____

PER CURIAM.

On the evening of October 2, 2002, St. Louis Metropolitan Police Department Officers Jerone Jackson, Mark Biondolino, and Sergeant Shaun Dace were on routine patrol in the area of the LaSalle Housing Complex. As the officers approached a four-way intersection, they observed a green Ford Explorer run a stop sign as it headed west. As the Explorer passed the officers, they observed that Marco Nicholson, a person the officers knew from past encounters, was the driver of the vehicle. Officer Jackson immediately became suspicious because from his personal knowledge of previous encounters, he did not think Nicholson owned a vehicle.

The officers made a U-turn and began following the Explorer. Nicholson drove slowly into a dead-end parking lot. As the vehicle was still moving, Nicholson jumped out of the vehicle and began running north. The Explorer then struck a fence and came to a stop, upon which two of the vehicle's passengers emerged -- one running south and the other in the same general direction as Nicholson. The officers left their vehicle and while Officer Biondolino and Sergeant Dace ran south after one of the vehicle's passengers, Officer Jackson turned on his flashlight and ran north after Nicholson and the other passenger.

As Officer Jackson ran behind Nicholson, he saw Nicholson reach into his left pants pocket and remove a small-frame silver handgun. Officer Jackson ordered Nicholson to stop running and drop his weapon, but Nicholson continued to run. As Officer Jackson followed Nicholson around a corner, he saw Nicholson place a firearm underneath a bush. Officer Jackson recovered the firearm and eventually caught Nicholson. Nicholson was charged with unlawfully possessing a firearm.

Prior to trial, Nicholson filed a motion in limine to prohibit the Government from using evidence that Nicholson was driving a stolen vehicle when the police spotted him. According to Nicholson, evidence that the vehicle was stolen was not relevant to show that he unlawfully possessed a firearm. Even if it had minimal relevance, Nicholson contended that it should be excluded at trial because its probative value would be substantially outweighed by the danger of unfair prejudice. The district court granted Nicholson's motion in limine.[1]

At trial, defense counsel argued that because of the distance between Officer Jackson and Nicholson, the presence of another of the Explorer's occupants running in the same direction, and the fact that it was evening and visibility had decreased,

---

[1]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri, presiding.

Officer Jackson would have been distracted and could not have observed Nicholson removing a handgun from his pocket. In his testimony, Officer Jackson stated that he saw Nicholson remove the handgun because, despite the fact of potential distractions, he was focused exclusively upon Nicholson. Officer Jackson stated that the reason for his focus was that Nicholson was the driver of the vehicle, and he believed that Nicholson had committed a felony by stealing the vehicle.

Rule 403 of the Federal Rules of Evidence acts to exclude probative evidence if its probative value is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. Probative evidence may be excluded if it would lead the fact-finder to declare guilt on collateral grounds outside of proof specific to the charged offense. "The critical issue is the degree of unfairness of the prejudicial evidence and whether it tends to support a decision on an improper basis." *United States v. Payne*, 119 F.3d 637, 645 (8th Cir. 1997), *cert. denied*, 522 U.S. 987 (1997). The district court is given broad discretion when gauging the possibility of unfair prejudice, and will be reversed only for abuse of discretion. *United States v. Christians*, 200 F.3d 1124, 1127 (8th Cir. 1999).

Nicholson contends that the district court abused its discretion by allowing the jury to hear Officer Jackson's statement that he believed the vehicle was stolen. However, the Government did not present evidence that the vehicle was in fact stolen. Officer Jackson's statement was only presented to demonstrate why Officer Jackson was chasing Nicholson and why his attention was focused primarily on Nicholson. Presented in this manner, Officer Jackson's testimony was relevant because it was probative of whether he would have seen Nicholson remove a handgun from his pocket. Moreover, it tends to rebut Nicholson's argument that Officer Jackson was distracted.

In this situation, we cannot say that the district court abused its discretion by allowing Officer Jackson to testify about his belief regarding the vehicle's ownership.

The statements corroborated Officer Jackson's testimony that he observed all of Nicholson's actions. Officer Jackson's testimony was also limited to his beliefs; the Government did not seek to show that the vehicle was in fact stolen. We find that Officer Jackson's testimony was properly limited and was appropriately admitted. The reasons for Officer Jackson's actions were highly probative of the reliability of his observations, and were not substantially outweighed by the danger of unfair prejudice to Nicholson.

Judgment of conviction is AFFIRMED.

_____