873 F.2d 1441
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lucille P. RUNNELLS, Defendant-Appellant.
 No. 88-5555.
 United States Court of Appeals, Fourth Circuit.
 Argued: Feb. 10, 1989.
Decided: April 3, 1989.
 
 Joseph William Kaestner (Bell & Kaestner, on brief), for appellant.
 Justin W. Williams, Assistant U.S. Attorney (Henry E. Hudson, United States Attorney; Joseph A. Fisher, III, Assistant United States Attorney; James A. Metcalfe, Assistant United States Attorney, on brief), for appellee.
 Before ERVIN, Chief Judge, and HAYNSWORTH and BUTZNER, Senior Circuit Judges.
 PER CURIAM:
 
 
 1
 Lucille P. Runnells pleaded guilty to one count of contempt of court under 18 U.S.C. Sec. 401(3), pursuant to a plea agreement in which numerous counts alleging bankruptcy fraud, concealment of assets, and conspiracy were dismissed. The district court entered judgment of conviction on her guilty plea. She now appeals the district court's judgment on the ground that she was erroneously charged and convicted under section 401(3) of Title 18 for conduct that could only have been charged to be a violation of section 402. She also contends that the prosecution was barred by the statute of limitations. Finding no merit in the assignments of error, we affirm.
 
 
 2
 * Runnells pleaded guilty to one count of the indictment alleging that she had committed criminal contempt by giving her son a $9,000 check in violation of a district court order in a pending bankruptcy proceeding. The indictment also charged her with fraudulent concealment of assets in violation of 18 U.S.C. Sec. 152, arising out of the same $9,000 transfer. This count was among those dropped as part of the plea agreement. The criminal contempt charge to which she pled guilty was drawn under 18 U.S.C. Sec. 401(3). Runnells maintains that she should have been charged under section 402, which applies to acts which are both contemptuous and of such a character as to constitute a separate crime. See 18 U.S.C. Sec. 402. She argues that issuing the check to her son falls into this category, because she initially was charged with concealment of assets, as well as contempt, for issuing the check.
 
 II
 
 3
 By her guilty plea, Runnells "admits all of the elements of [the] formal criminal charge" against her. Hayle v. United States, 815 F.2d 879, 881 (2d Cir.1987). Because Runnells did not attempt to reserve any issue for review by entering a conditional guilty plea under Federal Rule of Criminal Procedure 11(a)(2), she "waives all challenges to the prosecution except those going to the court's jurisdiction." 815 F.2d at 881.
 
 
 4
 Runnells asserts that her challenge is jurisdictional. She claims that the terms of section 402 are mandatory and exclusive. She argues that if the contemptuous act is "of such character as to constitute also a criminal offense under any statute of the United States," 18 U.S.C. Sec. 402, then the defendant must be charged under section 402, or the court is without power to try her.
 
 
 5
 Runnell's assignment of error cannot withstand the test of the district court's jurisdiction. "In order to sustain a challenge to the district court's jurisdiction, the defendant who has pleaded guilty must establish that the face of the indictment discloses that the count or counts to which he pleaded guilty failed to charge a federal offense." Hayle, 815 F.2d at 881. An indictment "must be held sufficient unless it is so defective that it does not, by any reasonable construction, charge an offense for which the defendant is convicted." United States v. Trollinger, 415 F.2d 527, 528 (5th Cir.1969). Federal Rule of Criminal Procedure 7(c)(3) provides that "[e]rror in the citation or its omission shall not be ground for dismissal of the indictment or information or for reversal of a conviction if the error or omission did not mislead the defendant to the defendant's prejudice." In determining "whether an indictment charges an offense against the United States, designation by the pleader of the statute under which he purported to lay the charge is immaterial." United States v. Hutcheson, 312 U.S. 219, 229 (1941). See also Steinert v. United States District Court, 543 F.2d 69, 70 (9th Cir.1976).
 
 
 6
 The count of the indictment to which Runnells pleaded guilty clearly charged a federal offense. She admitted the following charge:
 
 
 7
 On or about February 20, 1986, ... Lucille P. Runnells unlawfully, willfully and knowingly did commit criminal contempt by disobeying and resisting the lawful writ, process, order, rule, decree and command of the United States District Court for the Eastern District of Virginia, Norfolk Division, in that in the course of proceedings styled In Re Landbank Equity Corporation, Debtor ... the defendant Lucille P. Runnells having been enjoined and restrained until further order of the Court from disposing of any of her property, both real and personal, exclusive of such nominal cash amounts as are required to maintain herself, did knowingly and willfully disobey and resist the said injunction and restraining order by disposing of approximately $9,000 by transferring and giving to John Edward Runnells, Check No. 104 drawn by the defendant in the amount of $9,000 and payable to cash. (Violation of Title 18, United States Code, Section 401(3); Rule 42(b), Federal Rules of Criminal Procedure).
 
 
 8
 The indictment recited all of the elements of a criminal contempt of a federal court. It clearly stated an allegation that, if proved, would constitute a federal offense.* Runnells was not misled by the indictment. When she entered her guilty plea, the district court judge reminded her of her right to plead not guilty and be tried by a jury. He questioned her at length to ensure that she understood the nature of the charge which she was admitting by pleading guilty. Because Runnells pleaded guilty to a charge that fully and accurately stated a federal offense, and was not misled or surprised by any possible citation error, the exact statutory citation recited in the charge is irrelevant. The district court had jurisdiction.
 
 
 9
 Moreover, she was correctly charged under section 401(3) rather than section 402. The criminal contempt count against Runnells did not, as she asserts, allege an act that also constituted the independent criminal offense of fraudulent asset concealment in a bankruptcy. Although she was originally charged with a violation of 18 U.S.C. Sec. 152 arising out of the same set of facts, Runnells' contempt indictment did not allege that she had acted fraudulently, which is a requisite element of a charge for concealment of assets under 18 U.S.C. Sec. 152. Two indictments arising out of the same set of facts do not state the same criminal charge if each "requires proof of an additional fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932); see United States v. Ragins, 840 F.2d 1184, 1188 (4th Cir.1988).
 
 III
 
 10
 Runnells also asserts that the one-year statute of limitations found in 18 U.S.C. Sec. 3285 bars this prosecution.
 
 
 11
 We find no merit in Runnells' plea. The one-year statute prescribed by section 3285 applies by its terms only to proceedings "within section 402." Moreover, Runnells waived the defense of limitations by her plea. United States v. Parrino, 212 F.2d 919, 922 (2d Cir.1954).
 
 
 12
 AFFIRMED.
 
 
 
 *
 18 U.S.C. Sec. 401(3) provides:
 
 
 A
 court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as--
 (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.