# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2789

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa |
| Ascension Soriano-Hernandez, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  December 11, 2001

Filed:  November 26, 2002

_____

Before McMILLIAN and MURPHY, Circuit Judges, and BATTEY,[1] District Judge.

_____

McMILLIAN, Circuit Judge.

Ascension Soriano-Hernandez ("Defendant") appeals from a final judgment entered in the United States District Court for the Southern District of Iowa[2] finding him guilty of illegal entry by a removed alien in violation of 8 U.S.C. §§ 1326(a), (b)(2). United States v. Soriano-Hernandez, Crim. No. 00-182 (D.S.D. July 9, 2001)

_____

[1]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota, sitting by designation.

[2]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

(judgment). For reversal, Defendant argues that the district court erred in holding that his guilty plea waived his statute of limitations defense. Id. (June 29, 2001) (order denying motion to withdraw plea) (hereinafter "District Court Order"). In addition, Defendant argues that the district court abused its discretion in denying his motion to withdraw his guilty plea. He argues that pursuant to Fed. R. Crim. P. 32(e) he presented a fair and just reason to withdraw his plea because his attorney failed to inform him that he had a valid statute of limitations defense, or, in the alternative, because he received ineffective assistance of counsel. For the reasons discussed below, we affirm the judgment of the district court.

Jurisdiction in the district court was proper based on 18 U.S.C. § 3231. Jurisdiction in this Court is proper based on 28 U.S.C. § 1291. The notice of appeal was timely filed pursuant to Fed. R. App. P. 4(b).

BACKGROUND

The facts of this case are not in dispute. Defendant is a Mexican citizen who entered the United States without inspection prior to 1991. On October 8, 1991, the United States Immigration and Naturalization Service ("INS") issued a warrant for deportation on Defendant. Defendant returned to Mexico and, sometime after deportation but prior to March 29, 1992, reentered the United States. He was arrested several times in 1992 and 1993 and gave a false name to the authorities each time he was arrested. In March 1992, he was arrested by the sheriff's office in Cerro Gordo County, Iowa, for possession of marijuana, and he used the alias "Raul Hernandez." In September 1992, Defendant was arrested by the Chicago Police Department in Chicago, Illinois, for possession of cannabis, and he used the alias "Reyes Maldonado." In November 1992, he was arrested by the Chicago Police Department for criminal damage to property, and he used the same alias "Reyes Maldonado." In April 1993, Defendant was arrested by the Chicago police for unlawful use of a weapon and theft of lost property, and he used the alias "Victor Montes." In June

1993, he was arrested by a county sheriff in Morris, Illinois, for possession of marijuana, and he again used the alias "Victor Montes."

After each arrest, local law enforcement authorities took Defendant's fingerprints and sent them to the Federal Bureau of Investigations ("FBI"). Each time, the FBI prepared an identification report on the basis of the fingerprints and sent a copy of the report to the local authorities within sixty days. At the time of the 1992 and 1993 arrests, the INS was not linked to the FBI computer system and did not receive copies of these reports.

The INS first became aware of Defendant's illegal presence in the United States in June 2000, after he was arrested by the Iowa state patrol on June 21, 2000, for falsifying public documents. At that time, Defendant used the alias "Ruben Solis-Martinez." On June 30, 2000, the INS notified Iowa state authorities that Defendant was a deported alien who had illegally reentered the United States.

In August 2000, Defendant was indicted by a federal grand jury and charged with illegal reentry in violation of 8 U.S.C. §§ 1326(a), (b)(2).[3] A federal public

---

[3] 8 U.S.C. §§ 1326(a), (b)(2) provide in relevant part:

**(a)    In general**

Subject to subsection (b) of this section, any alien who –
(1) has been . . . deported . . . and thereafter
(2) enters, attempts to enter, or is at any time found in, the United States, . . .
shall be fined under Title 18, or imprisoned not more than two years, or both.

**(b)    Criminal penalties for reentry of certain removed aliens**

-3-

defender was appointed to represent Defendant, and Defendant pleaded guilty to illegal reentry in October 2000. In January 2001, the federal public defender filed a motion to withdraw as counsel due to a conflict of interest. At the hearing on the motion to withdraw, the federal public defender testified that he had not been aware of the statute of limitations defense at the time he advised Defendant to plead guilty and that he did not discuss such a defense with Defendant at any time. The district court granted the motion and appointed another attorney to represent Defendant.

On April 13, 2001, represented by new counsel, Defendant filed a motion to withdraw his guilty plea on the basis that: (1) 8 U.S.C. § 1326 is subject to the five-year statute of limitations in 18 U.S.C. § 3282[4]; (2) at the time of his plea, Defendant's illegal reentry charge had been barred by the statute of limitations; and (3) Defendant's original attorney had failed to advise him of this defense. On May 4, 2001, the district court denied Defendant's motion, finding that the Defendant failed to present "any fair and just reason" to withdraw the plea under Fed. R. Crim. P. 32(e). United States v. Soriano-Hernandez, slip op. at 2 (May 4, 2001). On June 5, 2001, Defendant filed a second motion to withdraw his guilty plea and a motion to dismiss the indictment. On June 29, 2001, the district court again denied Defendant's

---

> Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection –
>
> . . . .
>
> (2) whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years, or both.

[4]18 U.S.C. § 3282 provides:

> Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

motion to withdraw his guilty plea, finding that Defendant waived his statute of limitations defense when he pleaded guilty.[5] District Court Order at 5-6. The district court also held that, even if the Defendant had not waived the defense by pleading guilty, the statute of limitations did not bar the prosecution because it did not begin to run until the INS was in possession of all the information necessary to bring a prosecution against a previously deported alien. See id. at 7. The district court reasoned that Defendant's use of aliases each time he was arrested prevented the INS from having all of the information required to bring charges against Defendant until June 30, 2000. See id. For that reason, the district court held that the five-year statute of limitations had not expired when defendant was indicted on August 16, 2000. See id. On July 9, 2001, the district court entered a judgment sentencing Defendant to eighty-four months imprisonment, two years of supervised release, and a special assessment of $100.00. This appeal followed.

## DISCUSSION

Because it is a question of law, we review *de novo* the district court's determination that Defendant's guilty plea waived his statute of limitations defense. Cf. United States v. Young, 223 F.3d 905, 909 (8th Cir. 2000) (whether a valid waiver of rights occurred is a question of law reviewed *de novo*) (citations omitted); United States v. Long Crow, 37 F.3d 1319, 1323 (8th Cir. 1994) (whether there is sufficient evidence to submit an affirmative defense to a jury is a question of law subject to *de novo* review) (citations omitted).[6]

---

[5]At the hearing, the Defendant informed the district court that the only matter before it was his motion to withdraw his guilty plea. Defendant requested a separate hearing on his motion to dismiss the indictment if the district court granted his motion to withdraw. See United States v. Soriano-Hernandez, Crim. No. 00-182, slip op. at 1 n.1 (D.S.D. June 29, 2001).

[6]Other Circuits that have reviewed whether a defendant waived his or her statute of limitations defense have also treated the question as a question of law

Defendant argues that the district court erred in holding that his guilty plea constituted a waiver of the statute of limitations defense. We disagree. As noted by the district court, "[a] plea of guilty, knowingly and understandably made, waives all non-jurisdictional defects and defenses and equates with an admission of guilt." Cantrell v. United States, 413 F.2d 629, 632 (8th Cir. 1969) (citations omitted). This court has treated the statute of limitations as an affirmative defense, even when it was styled as a jurisdictional challenge. See United States v. Gomez, 38 F.3d 1031, 1033 n.4 (8th Cir. 1994) (upholding district court decision to deny defendant's motion to dismiss for lack of subject matter jurisdiction, which was based on the statute of limitations) (citing United States v. DeTar, 832 F.2d 1110, 1114-15 (9th Cir. 1987)). Moreover, courts in other circuits that have considered the issue have found that the statute of limitations is an affirmative defense, not jurisdictional. See United States v. Williams, 684 F.2d 296, 299 (4th Cir. 1982) (statute of limitations in 18 U.S.C. § 3282 is not jurisdictional, but a waivable affirmative defense); see also United States v. Najjar, 283 F.3d 1306, 1309 (11th Cir. 2002) ("[T]he expiration of the statute of limitations does not divest a district court of subject matter jurisdiction, but rather constitutes an affirmative defense, which the defendant can waive . . . .") (citations omitted), petition for cert. filed, 70 U.S.L.W. 3790 (U.S. May 29, 2002); United States v. Spector, 55 F.3d 22, 24 (1st Cir. 1995) ("A statute of limitations defense is a waivable affirmative defense, not a jurisdictional bar to prosecution. Failure to raise the defense in a timely manner can result in its waiver, as can an unqualified guilty plea . . . .") (citations omitted)); United States v. Wilson, 26 F.3d 142, 155 (D.C. Cir. 1994) (same); United States v. Karlin, 785 F.2d 90, 92-93 (3rd Cir. 1986) (same); United States v. Meeker, 701 F.2d 685, 687 (7th Cir. 1983) (same). But see United States v. Crossley, 224 F.3d 847, 858 (6th Cir. 2000) (the statute of limitations

---

subject to *de novo* review. See, e.g., United States v. Najjar, 283 F.3d 1306, 1306 (11th Cir. 2002) (reviewing *de novo* as a question of law the district court's denial of defendant's motion to dismiss for lack of jurisdiction due to the expiration of the statute of limitations); United States v. Spector, 55 F.3d 22, 25 (1st Cir. 1995) (reviewing *de novo* district court's decision that an unsigned agreement did not waive defendant's statute of limitations defense).

is a bar to prosecution absent an explicit waiver); United States v. Cooper, 956 F.2d 960, 961-62 (10th Cir. 1992) (holding that the statute of limitations defense under 18 U.S.C. § 3282 is a jurisdictional bar to prosecution which must be expressly waived by the defendant).  Although it has not addressed the issue directly, the Supreme Court has also implied that the statute of limitations is an affirmative defense and not jurisdictional.  See Biddinger v. Commissioner of Police, 245 U.S. 128, 135 (1917) ("The statute of limitations is a defense and must be asserted on the trial by the defendant in criminal cases . . . .").  In this case, Defendant pleaded guilty to illegal reentry and did not raise a statute of limitations defense at the time his plea was entered.  Therefore, as the district court correctly explained, he waived this defense.

Defendant next argues that the district court abused its discretion in denying his motion to withdraw his guilty plea, arguing that his counsel's failure to inform him of the statute of limitations defense was a fair and just reason for withdrawal. We review the district court's denial of Defendant's motion to withdraw his guilty plea for an abuse of discretion.  See United States v. Newson, 46 F.3d 730, 732 (8th Cir. 1995) (citing United States v. Capito, 992 F.2d 218, 219 (8th Cir. 1993)).  Under Fed. R. Crim. P. 32(e), Defendant has the burden of showing the existence of  "any fair and just reason" to permit the withdrawal of his guilty plea before his sentencing.[7] See United States v. Prior, 107 F.3d 654, 657 (8th Cir. 1997) ("Rule 32(e) of the

---

[7]Besides "any fair and just reason," additional factors to be considered by the court in determining whether to allow a defendant to withdraw a guilty plea include: whether the defendant has asserted his or her innocence; the length of time between the guilty plea and the motion to withdraw; and whether the government will be prejudiced by the withdrawal.  See United States v. Morales, 120 F.3d 744, 747 (8th Cir. 1997) (citing United States v. Prior, 107 F.3d 654, 657 (8th Cir. 1997)).  Because the district court found that the Defendant had not presented "any fair and just reason" to withdraw his plea, it was not necessary for the court to examine these additional factors.  See United States v. Payton, 168 F.3d 1103, 1104-05 (8th Cir. 1999) (citing United States v. Gray, 152 F.3d 816, 819 (8th Cir. 1998)) (additional citations omitted).

Federal Rules of Criminal Procedure provides that a district court may permit a defendant to withdraw a guilty plea . . . upon a showing of 'any fair and just reason,'and we have held that the defendant bears the burden of establishing such justification.") (quoting United States v. Yell, 18 F.3d 581, 582 (8th Cir. 1994)).

Defendant contends that he presented a fair and just reason to withdraw his guilty plea because he was unaware of the statute of limitations defense at the time of his plea and he would not have pleaded guilty had he known of the defense.[8]  We agree with the reasoning of the district court that Defendant failed to present a fair and just reason for withdrawing his guilty plea because, even if Defendant had not waived the statute of limitations defense, the statute of limitations did not actually begin to run until the Defendant was discovered by the INS.  See United States v. Gomez, 38 F.3d 1031, 1036 (8th Cir. 1994) (holding that an alien is "found in" the United States for the purposes of 18 U.S.C. § 3282 when that alien is "discovered in" the United States by immigration authorities); United States v. Diaz-Diaz, 135 F.3d 572, 577 (8th Cir. 1998) (same) (citing Gomez, 38 F.3d at 1036); accord United States v. Acevedo, 229 F.3d 350, 356 (2nd Cir. 2000) (holding statute of limitations begins to run when local law enforcement officials informed INS of defendant's presence, not when defendant presented false identity papers upon entry).  At the time of  his prior arrests in 1992 and 1993, Defendant used aliases which prevented the INS from discovering his illegal presence.  Because the INS did not become aware of Defendant's presence in the United States until June 30, 2000, the five-year statute of limitations under 18 U.S.C. § 3282 had not expired when Defendant was indicted on August 16, 2000.  Therefore, the district court reasonably determined that Defendant's failure to raise the statute of limitations defense was not a fair and just reason for the withdrawal of his plea.  No abuse of discretion occurred.

---

[8]Defendant's former counsel also stated that he did not discuss the possible statute of limitations defense with the Defendant and that he would not have advised his client to plead guilty had he known of the defense.

Defendant also argues that his claim of ineffective assistance of counsel required the district court to invalidate his plea agreement. We decline to address the issue at this time because a claim of ineffective assistance of counsel is generally not a basis for direct appeal and instead should be properly raised in a 28 U.S.C. § 2255 action.[9] See United States v. Hernandez, 281 F.3d 746, 749 (8th Cir. 2002) (citing United States v. Brown, 183 F.3d 740, 743 (8th Cir. 1999)) (additional citations omitted).

CONCLUSION

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[9]A claim of ineffective assistance of counsel may be considered on direct appeal only in exceptional cases where either the district court has fully developed a record on the ineffectiveness claim, United States v. Reddix, 106 F.3d 236, 238 (8th Cir. 1997) (citing United States v. Jennings, 12 F.3d 836, 840 (8th Cir. 1994)), or where the result would otherwise be a plain miscarriage of justice. United States v. Reddix, 106 F.3d at 238 (citing United States v. DePuew, 889 F.2d 791, 792-93 (8th Cir. 1989)). Neither exception is applicable in the present case.