RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 11a0087p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

No. 09-4201

*v.*

JERRY WAYNE PHILLIPS,

*Defendant-Appellant.*

———————————

Appeal from the United States District Court
for the Southern District of Ohio at Cincinnati.
No. 09-00041-001—Susan J. Dlott, Chief District Judge.

Argued: March 10, 2011

Decided and Filed: April 7, 2011

Before: MERRITT, CLAY, and GRIFFIN, Circuit Judges.

———————————

**COUNSEL**

**ARGUED:** Kevin M. Schad, FEDERAL PUBLIC DEFENDER'S OFFICE, Cincinnati, Ohio, for Appellant. Anne L. Porter, ASSISTANT UNITED STATES ATTORNEY, Cincinnati, Ohio, for Appellee. **ON BRIEF:** Kevin M. Schad, FEDERAL PUBLIC DEFENDER'S OFFICE, Cincinnati, Ohio, for Appellant. Anne L. Porter, ASSISTANT UNITED STATES ATTORNEY, Cincinnati, Ohio, for Appellee.

———————————

**OPINION**

———————————

MERRITT, Circuit Judge. It is a freestanding criminal offense under 18 U.S.C. § 3146 for a convicted person, released on bond, to fail to appear to begin serving a prison sentence. The defendant, Jerry Phillips, pled guilty to this offense because he absconded and failed to appear to serve an earlier sentence for violating the conditions of his earlier period of supervised release. The statutory maximum term of

1

imprisonment for the failure to appear is based on the maximum punishment for the underlying criminal offense.[1] When a person fails to appear to serve a reinstated prison sentence after his supervised release was revoked, is the relevant underlying offense the supervised release violation or the original offense that led to the term of supervised release? The plain language of the statute requires the latter. Accordingly, we **AFFIRM** the district court's three-year prison sentence for Jerry Phillips.

## I. Background

Jerry Phillips was originally convicted of using another person's Social Security number to incur fraudulent charges in excess of $180,000, in violation of 18 U.S.C. § 1028(a)(7), which carries a maximum of fifteen years of imprisonment under 18 U.S.C. § 1028(b)(1)(D). He was sentenced to forty-one months of imprisonment, followed by three years of supervised release.

Phillips served his prison term and began his period of supervised release. After Phillips violated the conditions of his release, the district court held a revocation hearing to determine whether to revoke his supervised release and impose a new penalty. The parties agree that the statutory maximum term of imprisonment the district court could impose for his supervised release violation was two years. *See* 18 U.S.C. § 3583(e)(3). The district court sentenced Phillips to one year of imprisonment followed by two more

---

[1] Section 3146(b) creates a four-tiered system that bases the maximum punishment on the severity of the underlying offense. It reads:

(1) The punishment for an offense under this section is —

(A) if the person was released in connection with a charge of, or while awaiting sentence, surrender for service of sentence, or appeal or certiorari after conviction for —

(i) an offense punishable by death, life imprisonment, or imprisonment for a term of 15 years or more, a fine under this title or imprisonment for not more than ten years, or both;

(ii) an offense punishable by imprisonment for a term of five years or more, a fine under this title or imprisonment for not more than five years, or both;

(iii) any other felony, a fine under this title or imprisonment for not more than two years, or both; or

(iv) a misdemeanor, a fine under this title or imprisonment for not more than one year, or both . . . .

years of supervised release. It released Phillips on bond and ordered him to report to the U.S. Marshal on a later date. But rather than surrendering to serve his sentence, Phillips absconded. Law enforcement officers tracked him down and arrested him.

Phillips was indicted on one count of failure to surrender for service of his prison sentence, in violation of 18 U.S.C. § 3146. He pled guilty. At the sentencing hearing, Phillips made the same argument he now presses in this appeal: that the relevant underlying offense for the statutory maximum punishment was his supervised release violation, not his original identity-fraud conviction, so the maximum sentence was two years. The district court, however, adopted the government's argument that the relevant underlying offense was Phillips's identity-fraud conviction and, therefore, that the statutory maximum for his prison sentence was ten years.

The district court sentenced Phillips to three years of imprisonment for his failure to appear, to be served consecutively to his outstanding one-year prison term for violating his supervised release, followed by yet another three-year period of supervised release. Phillips now appeals his three-year prison sentence for failure to appear. He argues it exceeds the statutory maximum.

## II.  Analysis[2]

The only dispute in this case is whether the statutory maximum term of imprisonment for Phillips's failure to appear is ten years or two years—that is, whether Phillips falls into subsection (i) or subsection (iii) of 18 U.S.C. § 3146(b) set out in footnote 1 above. The statute is somewhat convoluted, so it is helpful to omit the inapplicable language in these two subsections and reorder the remaining language. Subsection (i) then reads: *If the person was released while awaiting surrender for service of sentence after conviction for an offense punishable by imprisonment for a term of 15 years or more, the maximum punishment is 10 years of imprisonment.* Subsection (iii) reads: *If the person was released while awaiting surrender for service of sentence*

---

[2]The only issue in this case is one of statutory interpretation, so we review the district court's determination de novo. *United States v. Plavcak*, 411 F.3d 655, 660 (6th Cir. 2005).

*after conviction for any other felony, the maximum punishment is 2 years of imprisonment.*

The government argues that Phillips falls into subsection (i) because the only "offense" he committed was identity fraud, which carries a maximum sentence of fifteen years imprisonment under 18 U.S.C. § 1028(b)(1)(D). To fall into subsection (iii), Phillips must argue that his relevant underlying conviction — which he argues was his supervised release violation, not his identity-fraud conviction — was "for any other felony." Thus, he must argue that his supervised release violation constitutes a "felony" within the meaning of § 3146(b).

## A.  Supervised Release Violations Are Not "Felonies"

Congress has provided statutory definitions for the relevant terms. *See* 18 U.S.C. § 3156(a) (providing definitions for §§ 3141-3150, which includes § 3146(b)). The statute defines a "felony" as "an offense punishable by a maximum term of imprisonment of more than one year." *Id.* § 3156(a)(3). So a "felony" must be an "offense." And the statute defines an "offense" as "any criminal offense, other than an offense triable by court-martial, military commission, provost court, or other military tribunal, which is in violation of an Act of Congress and is triable in any court established by Act of Congress." *Id.* § 3156(a)(2). Accordingly, for a supervised release violation to serve as the underlying offense for the purpose of the statutory maximum, it must be (1) a "criminal offense" that (2) violates an "Act of Congress" and (3) is "triable" in federal court.

Supervised release violations meet none of these three requirements. *First*, they are not properly characterized as criminal offenses. As the Supreme Court has stated, "[a]lthough [supervised release] violations often lead to reimprisonment, the violative conduct need not be criminal . . . ." *Johnson v. United States*, 529 U.S. 694, 700 (2000); *accord United States v. Marvin*, 135 F.3d 1129, 1138 n.14 (7th Cir. 1998) ("An individual's violation of the conditions of his supervised release is not a crime . . . ."). Additionally, "the procedural mechanisms relating to a supervised release revocation hearing demonstrate that the alleged violation at issue in such a hearing is not a crime."

*United States v. Smith*, 500 F.3d 27, 31 (1st Cir. 2007).  For example, "[t]he standard of proof in a supervised release revocation hearing is a preponderance standard, 18 U.S.C. § 3583(e)(3), rather than the reasonable doubt standard common to all criminal proceedings."  *Id.*  The Federal Rules of Evidence do not apply.  *See* Fed. R. Evid. 1101(d)(3).

*Second*, violations of supervised release conditions are not violations of an "Act of Congress."   Although "federal judges are statutorily required to order certain conditions in conjunction with supervised release," *Smith*, 500 F.3d at 32, the statute also permits federal courts to order "any other condition [they] consider[] to be appropriate," 18 U.S.C. § 3583(d).  Put differently, when a person serving a term of supervised release violates a condition of that release, he is violating a court order imposed by a judge, not a criminal law enacted by Congress.

*Third*, supervised release violations are not "triable" in federal court.  The statute governing supervised release instructs that courts should follow the Federal Rules of Criminal Procedure, which "emphasize that a proceeding to revoke supervised release is not a trial."  *Smith*, 500 F.3d at 31.  Rule 32.1(b)(2) speaks of providing a "hearing" rather than a "trial"; it refers to the offender as a "person" rather than as the "defendant." Rule 26.2, which provides procedures for producing a witness's statement, instructs "that these procedures apply at 'trial' *and* at other proceedings, including a Rule 32.1 'hearing.'"  *Smith*, 500 F.3d at 31 (citing Fed. R. Crim. P. 26.2(g)).  To summarize:  for the purpose of determining the statutory maximum punishment for a failure to appear, a violation of a supervised release condition is not a "criminal offense," does not violate an "Act of Congress," and is not "triable" in federal court.  It cannot serve as the underlying "offense" within the statutory definition.  *See* 18 U.S.C. § 3156(a)(2).

**B.  The Original Conviction Is the "Felony" under § 3146(b)**

If the underlying offense is not the supervised release violation, then it must be the only alternative:  the original conviction.  This conclusion comports with the settled understanding of "attribut[ing] postrevocation penalties to the original conviction." *Johnson*, 529 U.S. at 701; *accord United States v. Johnson*, 356 F. App'x 785, 791 (6th

Cir. 2009) (unpublished) (reasoning that a "subsequent term of imprisonment for a violation of a condition of supervised release" is "a portion of th[e] initial criminal sentence").

Applying this legal conclusion to our case, Phillips's underlying "offense" must be his identity-fraud conviction. Although the district court only sentenced Phillips to forty-one months of imprisonment for that offense, the offense carried a maximum possible sentence of fifteen years, *see* 18 U.S.C. § 1028(b)(1)(D), so Phillips failed to appear after conviction for an offense "punishable by . . . imprisonment for a term of 15 years or more," *id.* § 3146(b)(1)(A)(i). Under the statute, the district court could punish his failure to appear with "imprisonment for not more than ten years." *Id.* Phillips's actual sentence of three years did not exceed the statutory maximum.

We are aware of only one other opinion on this precise issue by a federal court of appeals. In *United States v. Smith*, the First Circuit held that the statutory maximum for the failure to appear in connection with a supervised release violation is based on the original offense, rather than the supervised release violation itself. 500 F.3d 27, 28 (1st Cir. 2007). The majority opinion engaged in a textual analysis of the statute much like that above.[3] *Id.* at 30-32. Notably, the case featured a brief but emphatic dissent from Judge Bruce Selya, who conceded the plain meaning of the statute to the majority but argued that this was a "rare case" in which congressional intent must trump the statute's plain meaning. *Id.* at 35-36 (Selya, J. dissenting) (citing *Holy Trinity Church v. United States*, 143 U.S. 457, 459 (1892)). We believe that the majority in *Smith* has the better of the argument. Quoting Judge Learned Hand, Judge Selya's dissent cautioned not to "make a fortress out of a dictionary." *Id.* at 36 (quoting *Cabell v. Markham*, 148 F.2d

---

[3]The *Smith* case differs from the instant case only in one analytically inconsequential way: Smith failed to appear for his revocation hearing itself, 500 F.3d at 29, while Phillips absconded after that hearing but immediately before he was to serve his reinstated sentence. In the language of § 3146(b)(1)(A), Smith "was released in connection with a charge of . . . an offense," while Phillips "was released . . . while awaiting . . . surrender for service of sentence . . . after conviction for . . . an offense." The necessary legal question in both situations is whether a supervised release violation qualifies as an "offense," so the slight difference in timing in *Smith* is inconsequential to the analysis. Phillips's attempt to distinguish that case on its timing is unpersuasive. So too is Phillips's argument that *Smith* relied on "faulty reasoning" because it "read into the statute a word, 'criminal,' that does not exist in the statutory language." Phillips's own reasoning is faulty: as discussed above, the statute *defines* an "offense" as a "criminal offense." *See* 18 U.S.C. § 3156(a)(2).

737, 739 (2d Cir. 1945)).  But where, as here, the dispositive definitions come not from a dictionary but rather directly from Congress, and where those definitions apply unambiguously to the case, this admonition falls short.

We can make short work of Phillips's remaining arguments.  Phillips contends that even if the underlying "offense" is his original identity-fraud conviction, that offense was only "punishable" (with respect to him) by a maximum of two years imprisonment, because two years is the statutory maximum term he can serve after the revocation of his supervised release.  But § 3146(b)(1) speaks of "offense[s] punishable" by varying terms of years, not "individuals punishable" for such terms, and Phillips's "offense" of identity fraud is plainly punishable by up to fifteen years of imprisonment, *see* 18 U.S.C. § 1028(b)(1)(D).  Next, Phillips argues for the rule of lenity, but that rule does not apply when the statute in question is unambiguous.  *See Salinas v. United States*, 522 U.S. 52, 66 (1997).  Finally, Phillips contends that the district court, by determining the statutory maximum to be ten years rather than two years, made an impermissible factual finding in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  This argument is frivolous because whether Phillips's underlying "offense" for the purposes of § 3146(b)(1)(A) was his supervised release violation or his original offense is a quintessential example of a question of law, not a finding of fact.

### III.  Conclusion

For the foregoing reasons, we **AFFIRM** the district court's three-year prison sentence for Jerry Phillips's failure to appear.