# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2960

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Glenn A. Woodard, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: January 13, 2012
Filed: April 10, 2012

_____

Before BYE, SMITH, and COLLOTON, Circuit Judges.

_____

SMITH, Circuit Judge.

After failing to appear at his revocation hearing, Glenn A. Woodard pleaded guilty to criminal contempt of court. The district court[1] sentenced him to 12 months' imprisonment to run consecutive to the two-year prison sentence he had received for violating conditions of his supervised release. Woodard appeals, arguing that the petition for contempt should have been dismissed and, alternatively, that the sentence he received is unreasonable. We affirm.

_____

[1] The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

## I. *Background*

In 1999, Woodard pleaded guilty to three counts of bank robbery, in violation of 18 U.S.C. §§ 2 and 2113(a), and one count of use of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 2 and 924(c)(1). The district court sentenced Woodard to 70 months' imprisonment on each of the three bank robbery counts, to run concurrently, and 60 months' imprisonment on the firearm count, to run consecutive to the sentence for bank robbery. Following his imprisonment, Woodard was placed on supervised release. On April 1, 2009, the government filed a petition for revocation, alleging that Woodard had violated three conditions of his supervised release. At a revocation hearing on July 10, 2009, Woodard admitted to violating two of the conditions. The district court accepted his admission and scheduled a final revocation hearing for October 20, 2009. Woodard failed to appear at that hearing, and the court issued a warrant for his arrest. On May 27, 2010, following Woodard's arrest, the district court revoked Woodard's supervised release and sentenced him to two years' imprisonment.

On March 3, 2011, the government "petition[ed] the court [pursuant to 18 U.S.C. § 401 and Federal Rule of Criminal Procedure 42(a)] to hold a trial or hearing for the purpose of finding the defendant in criminal contempt of court" for failing to appear at his October 20, 2009 revocation hearing. Woodard filed a motion to dismiss the government's petition as untimely because it was not "filed within one year of the criminal conduct alleged." The district court denied his motion.

On May 24, 2011, Woodard entered an unconditional plea of guilty to the petition for contempt. According to the presentence investigation report (PSR), Woodard's base offense level of six was subject to a nine-level enhancement because the underlying offense—bank robbery—was punishable by death or imprisonment of a term of 15 years or more. *See* U.S.S.G. § 2J1.6(a)(2) and (b)(2)(A). Thus, the Guidelines range for Woodard's contempt was 12 to 18 months' imprisonment. Woodard objected to the nine-level enhancement, arguing that the underlying offense

was the supervised release violation, not bank robbery. Woodard argued that because a violation of supervised release is punishable by a term of imprisonment of less than five years, a three-level enhancement was appropriate. *See* U.S.S.G. § 2J1.6(a)(2) and (b)(2)(C). At Woodard's sentencing hearing on August 24, 2011, the district court denied Woodard's objections, stating:

> In my opinion, underlying offense relates to the offense of conviction and not to an offense that is alleged, if any, in the supervised release violation petition.
>
> The power that the court has to do anything with the liberty of a person derives not from what occurs in the supervised release context, but derives from the original criminal conviction.
>
> And so while . . . we process them separately, the power that I exercise at the time of supervised release, the subject matter jurisdiction, if you will, . . . can only come from the offense of conviction.
>
> Without that, I can't do anything. I don't have the power to do anything.
>
> And so it's in that sense that I understand the phrase underlying offense and it's in that sense that I think the sentencing commission understood the phrase underlying offense.

The government asked the district court to impose a sentence of 18 months' imprisonment, arguing that Woodard was heavily involved in the bank robberies for which he was convicted; had a significant criminal history that the Guidelines did not take into account; and, in failing to appear for sentencing, did not just "lay low" but actually absconded to Mexico. Woodard's attorney countered that Woodard was a minor player in the bank robberies; went to Mexico for the birth of his child; was in the process of returning to the United States on his own when he was arrested; and

since his arrest "has been of invaluable assistance to the guards . . . [at] Saline County Jail."

The court sentenced Woodard to 12 months' imprisonment to run consecutive to his two-year prison sentence for his supervised release violation, followed by three years of supervised release.

## II. *Discussion*

Woodard raises two issues on appeal. First, he argues that the district court erred by denying his motion to dismiss the petition for contempt. Second, he argues that the district court abused its discretion by ordering him to serve his 12-month sentence for contempt consecutive to his two-year sentence for violating the conditions of his supervised release.

### A. *Statute of Limitations Defense*

Woodard argues that the district court erred by denying his motion to dismiss the petition for contempt because the petition was time-barred by the statute of limitations in 18 U.S.C. § 3285. Section 3285 provides that "[n]o proceeding for criminal contempt within section 402 of this title shall be instituted against any person . . . unless begun within one year from the date of the act complained of." The government contends that Woodard waived the right to raise the limitations issue by entering an unconditional guilty plea.

It is undisputed that Woodard pleaded guilty to criminal contempt. "[A] plea of guilty, knowingly and understandably made, waives all non-jurisdictional defects and defenses and equates with an admission of guilt." *United States v. Soriano-Hernandez*, 310 F.3d 1099, 1103 (8th Cir. 2002) (quotation, alteration, and citation omitted). "This court has treated the statute of limitations as an affirmative defense, even when it was styled as a jurisdictional challenge." *Id.* When a defendant pleads guilty without conditioning the plea on his ability to appeal the denial of his motion,

the defendant waives his right to raise the issue on appeal. *See United States v. Vaughan*, 13 F.3d 1186, 1187 (8th Cir. 1994) ("A defendant's knowing and intelligent guilty plea forecloses 'independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.'" (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973))). Thus, Woodard waived his statute of limitations defense by entering an unconditional guilty plea. *See Soriano-Hernandez*, 310 F.3d at 1104 (holding that a statute of limitations defense under 18 U.S.C. § 3282 was waived when the "[d]efendant pleaded guilty to illegal reentry and did not raise [the] . . . defense at the time his plea was entered" because "the statute of limitations is an affirmative defense and not jurisdictional"); *United States v. Runnells*, No. 88-5555, 1989 WL 37430, at *2 (4th Cir. Apr. 3, 1989) (unpublished per curiam) (finding that the defendant "waived the defense of limitations [in section 3285] by her [guilty] plea").

Moreover, "[t]he one-year statute prescribed by section 3285 applies by its terms only to proceedings 'within section 402.'" *Runnells*, 1989 WL 37430, at *2. It does not apply to criminal contempt proceedings pursuant to 18 U.S.C. § 401. Nor does it apply to "contempts committed in disobedience of any lawful . . . order[] . . . entered in any suit or action brought or prosecuted in the name of, or on behalf of, the United States." 18 U.S.C. § 402. Because Woodard's contempt "[was] committed in disobedience of [a] court order[] entered in [an action] prosecuted on behalf of the United States," § 402 "is inapplicable." *United States v. Miller*, 588 F.2d 1256, 1262 (9th Cir. 1978).

## B. *Reasonableness of Sentence*

Woodard also argues that the district court abused its discretion by imposing a 12-month prison sentence to run consecutive to the 24-month sentence he was already serving for his supervised release violation. We review the imposition of sentences for abuse of discretion. *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). The first step in an abuse-of-discretion sentencing analysis is

to "ensure that the district court committed no significant procedural error," such as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.* (quotations and citations omitted). If we determine that the district court committed no procedural error, then we "'consider the substantive reasonableness of the sentence imposed,'" taking into account "'the totality of the circumstances, including the extent of any variance from the Guidelines range.'" *Id.* (quoting *United States v. Gall*, 552 U.S. 38, 51 (2007)).

Woodard contends that the district court procedurally erred by imposing a nine-level enhancement under U.S.S.G. § 2J1.6(b)(2). According to § 2J1.6(b)(2), Woodard is subject to the nine-level enhancement if the "underlying offense" is "punishable by death or imprisonment for a term of fifteen years or more." Woodard argues that the district court erred by considering the "underlying offense" to be his original conviction for bank robbery rather than the subsequent revocation of his supervised release.

"Underlying offense" means "the offense in respect to which the defendant failed to appear." U.S.S.G. § 2J1.6 cmt. n.1. "[T]here is no support for the proposition that a supervised release violation is [an 'offense.']" *United States v. Smith*, 500 F.3d 27, 31 (1st Cir. 2007) (holding that the district court properly calculated the sentence imposed on a defendant who failed to appear for his supervised release revocation hearing by looking to the period of incarceration available for the underlying drug offense rather than the period of incarceration available for the supervised release violation to determine the applicable enhancement). In fact, in 18 U.S.C. § 1346(b)(1), which corresponds with § 2J1.6 and makes unlawful a defendant's failure to appear, the term "offense" means "any criminal offense, other than an offense triable by court-martial, military commission, provost court, or other military

tribunal, which is in violation of an Act of Congress and is triable in any court established by Act of Congress." 18 U.S.C. § 3156(a)(2) (defining terms used in 18 U.S.C. § 3146(b)(1)). "Accordingly, for a supervised release violation to serve as the underlying offense . . . , it must be (1) a 'criminal offense' that (2) violates an 'Act of Congress' and (3) is 'triable' in federal court." *United States v. Phillips*, 640 F.3d 154, 157 (6th Cir. 2011). "Although [supervised release] violations often lead to reimprisonment, the violative conduct need not be criminal and need only be found by a judge under a preponderance of the evidence standard, not by a jury beyond a reasonable doubt." *Johnson v. United States*, 529 U.S. 694, 700 (2000). "Also, in providing for the revocation of supervised release, 18 U.S.C. § 3583(e)(3) indicates that a court should follow the applicable Federal Rules of Criminal Procedure," which "emphasize that a proceeding to revoke supervised release is not a trial" but a hearing. *Smith*, 500 F.3d at 31. "Finally, the violation of a supervised release condition is not a violation of an 'Act of Congress.'" *Id.* at 32.

Woodard relies on *United States v. Lee*, 887 F.2d 888 (8th Cir. 1989). In *Lee*, we addressed whether the Sentencing Commission in U.S.S.G. § 2J1.6 "exceeded its authority by failing to consider, in the situation where a defendant fails to report after [he] has been sentenced, the *actual* sentence imposed rather than the maximum *potential* penalty for the underlying offense." *Id.* at 889. We did not consider whether the district court correctly identified the "underlying offense" for the purposes of § 2J1.6. Thus, *Lee* is inapposite.

After Woodard was convicted of and sentenced for three counts of bank robbery and one count of use of a firearm in the commission of a crime of violence, Woodard violated the terms of his supervised release. The court ordered him to appear for sentencing on October 20, 2009. He did not. Subsequently, the government filed a petition for contempt. Because this petition was based on Woodard's failure to appear at a revocation hearing that arose from his earlier bank robbery and firearm convictions, the "underlying offense" was the bank robbery, not the supervised

release violation. Thus, the district court did not procedurally err by identifying bank robbery as Woodard's underlying offense.

Finally, Woodard contends that even if the district court did not procedurally err, his Guidelines sentence of 12 months' imprisonment is substantively unreasonable because it is greater than necessary to effectuate the goals of 18 U.S.C. § 3553(a). We presume that sentences within the Guidelines range are substantively reasonable. *United States v. Robinson*, 516 F.3d 716, 717 (8th Cir. 2008). "Just because we 'might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.'" *Feemster*, 572 F.3d at 462 (citation omitted). "It will be the unusual case where we reverse a district court sentence . . . as substantively unreasonable." *Id.* at 464.

Not only was Woodard's one-year sentence within the Guidelines range, but it was at the low end of it. At sentencing, Woodard asked the court to impose a one-year sentence to run concurrent to the two-year sentence he was serving for violating his supervised release. The government sought a sentence of 18 months' imprisonment. The government presented evidence that Woodard had more than minimal involvement in the bank robberies that led to his imprisonment and that, in failing to appear before the court for his final revocation hearing, Woodard had absconded to Mexico. Given the evidence before the district court at sentencing, it did not abuse its discretion by imposing a one-year sentence to run consecutive to the two-year sentence for his supervised release violation. *See United States v. Becker*, 636 F.3d 402, 408 (8th Cir. 2011) (noting that under 18 U.S.C. § 3584, "a district court has the discretion to impose a sentence concurrently or consecutively based on the same § 3553(a) factors as other sentencing decisions").

### III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____