# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3800

_____

United States of America,

*Plaintiff - Appellee,*

v.

Jack Van Matre,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: April 8, 2013
Filed: August 5, 2013
[Unpublished]

_____

Before COLLOTON, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Jack Van Matre pleaded guilty to two counts of production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e). The district court[1]

_____

[1]The Honorable Richard E. Dorr, late a United States District Judge for the Western District of Missouri.

sentenced him to concurrent terms of 235 months' imprisonment and five years of supervised release. On appeal, Van Matre argues that the district court imposed a substantively unreasonable sentence. We affirm.

In October 2011, Springfield police received a call from R.S., who reported that his fourteen-year-old daughter, H.S., found cameras concealed in her bedroom and bathroom at the residence of her stepfather, Van Matre. Van Matre admitted to police that he installed the cameras in August or September 2011 for "voyeurism." Law enforcement officers seized, among other things, five external hard drives, four internal hard drives, a custom built personal computer, and numerous digital storage devices from the residence. Forensic examination revealed that Van Matre had created and stored sixteen separate video files depicting H.S. in various states of undress. Some of the videos graphically depict her genitalia.

After Van Matre pleaded guilty to production of child pornography, the district court calculated an advisory guideline range of 235 to 293 months' imprisonment, based on a total offense level of 38 and a criminal history category I. The government suggested a sentence within the advisory guideline range, while Van Matre sought a sentence below the range. The district court considered the guideline range and the sentencing factors set forth in 18 U.S.C. § 3553(a), denied Van Matre's motions for downward departure or variance, and sentenced him to concurrent terms of 235 months' imprisonment and five years' supervised release on each count.

We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). We presume that a sentence within the advisory guideline range is reasonable. *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Woodard*, 675 F.3d 1147, 1152 (8th Cir. 2012).

Van Matre contends that his sentence is unreasonable with regard to § 3553(a). He says the district court failed to give sufficient weight to his exceptional remorse, the fact that his acts were spontaneous and unprecedented, his employment history as an officer with the Springfield police department, his susceptibility to abuse and victimization in prison, and his "tragic personal history."

The district court did consider Van Matre's mitigating evidence. Two of Van Matre's siblings testified about his "very abusive" upbringing, characterized Van Matre's conduct as aberrant behavior, and described his commitment to his career in law enforcement. The court acknowledged Van Matre's difficult home life as a child, but concluded that none of the mitigating circumstances was sufficient to warrant a downward departure under the guidelines. The court also addressed Van Matre's request for a downward variance, and determined that a more favorable sentence was not appropriate given the planned nature of Van Matre's actions and his control of the camera to engineer close-up depictions of the victim. The court emphasized that Van Matre was in a position "to know very well what the law was," given his career in law enforcement.

In fashioning a sentence, the court must consider the history and characteristics of the defendant, but it also must contemplate the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment, as well as to afford adequate deterrence and to protect the public from future crimes of the defendant. Taking all of those factors into account, the district court permissibly exercised its discretion to select a sentence at the bottom of the advisory guideline range.

\* \* \*

The judgment of the district court is affirmed.

_____

-3-