**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4287
_____

UNITED STATES OF AMERICA,

v.

ROBERT M. SPRUILL,
Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. No. 2-13-cr-00292-001)
District Judge: Hon. Cathy Bissoon
_____

Submitted Under Third Circuit LAR 34.1(a)
February 9, 2015
_____

Before: CHAGARES, VANASKIE, and SHWARTZ, Circuit Judges.

(Filed: February 10, 2015)

_____

OPINION[*]
_____

SHWARTZ, Circuit Judge.

_____

[*] This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Robert M. Spruill appeals his sentence, contending that the District Court erred in calculating his base offense level pursuant to § 2J1.6 of the Sentencing Guidelines. For the following reasons, we will affirm.

I.

In 2008, District Judge McVerry sentenced Spruill to fifty-seven months' imprisonment and three years' supervised release for drug-trafficking and firearms offenses. Spruill completed his prison term and began serving his supervised release term on December 27, 2011. While on supervised release, Spruill was convicted in state court of criminal trespass and theft by unlawful taking, in violation of the conditions of his supervised release. Judge McVerry modified the conditions of Spruill's supervised release by placing him in a community confinement center (the "Center") for six months, where Spruill tested positive for marijuana and broke the Center's rules.

Because this violated the terms of Spruill's supervised release, Judge McVerry revoked it and sentenced Spruill to six months in custody "effective immediately." Supp. App. 30. Upon Spruill's request, however, Judge McVerry modified his order to permit Spruill to spend the holidays with his family and ordered Spruill to self-report to the U.S. Marshals by noon on January 3, 2013. When Spruill failed to report on January 3 as ordered, an arrest warrant was issued. Several days later, Spruill was arrested.

Spruill was thereafter indicted on one count of "contempt" for "willfully and knowingly disobey[ing] and resist[ing] the lawful process, order and command of a Court of the United States," in violation of 18 U.S.C. § 401(3). App. 16. The case was

2

assigned to District Judge Bissoon, who accepted Spruill's guilty plea. At sentencing,

Judge Bissoon rejected Spruill's argument that the appropriate guideline for determining

Spruill's base offense level was set forth in Chapter 7, which applies to violations of

supervised release. Applying § 2J1.6 instead, Judge Bissoon calculated a Guidelines

range of twenty-one to twenty-seven months and sentenced Spruill to twenty-one

months' imprisonment and one year of supervised release. Spruill appeals.

## II.[1]

For violations of § 401, a defendant's base offense level is calculated pursuant to

§ 2J1.1. U.S.S.G. app. A; see also U.S.S.G. § 1B1.2(a). Section 2J1.1 does not contain a

base offense level; rather, it directs district courts to apply § 2X5.1, under which district

courts must "apply the most analogous offense guideline" if "the offense is a felony for

which no guideline expressly has been promulgated." U.S.S.G. § 2X5.1. Thus, while

§ 2J1.1 expressly applies to the offense, it directs the sentencing court to a guideline

provision that further requires the sentencing court to apply the most analogous guideline.

The determination of which guideline is most analogous requires consideration of

the facts giving rise to the conviction. Since this is a "more factual" question, we must

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review a sentence to ensure that the sentencing court "committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range." United States v. Boney, 769 F.3d 153, 158 (3d Cir. 2014) (internal quotation marks, citation, and alteration omitted). We review the District Court's factual findings for clear error and exercise plenary review over legal issues, including "whether the District Court selected the most appropriate guideline for the offense of conviction." Id.

afford "due deference" to the District Court's choice. See United States v. Cothran, 286 F.3d 173, 177 (3d Cir. 2002). The District Court chose § 2J1.6 as the most analogous guideline covering Spruill's conduct. Section 2J1.6 applies to offenses that constitute a "failure to report for service of sentence." U.S.S.G. § 2J1.6(a)(1).[2] Spruill's criminal contempt conviction arose from his failure to self-report to the U.S. Marshals for service of his sentence, and § 2J1.6 therefore addresses Spruill's conduct. We see no reason to disturb the District Court's guidelines selection and we will defer to its conclusion that § 2J1.6 is the most analogous guideline.

III.

For the foregoing reasons, we will affirm.

---

[2] Spruill argues that Chapter 7 sets forth the guidelines applicable to his contempt sentence. Contrary to Spruill's contention, Chapter 7 applies to sentences for violations of supervised release. Because Spruill was sentenced for his conviction for criminal contempt, not for violating his supervised release, Chapter 7 does not apply.

Moreover, even if Spruill could have been charged with and sentenced for a supervised release violation, as he contends, it would not require the District Court to sentence him pursuant to the supervised release guidelines for the separate criminal contempt offense. See United States v. Woodard, 675 F.3d 1147, 1149 (8th Cir. 2012) (defendant who failed to appear for revocation of supervised release hearing separately violated 18 U.S.C. § 401).