# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-2324

_____

United States of America

*Plaintiff - Appellee*

v.

Savino Capuchino Aguilar

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: May 20, 2016
Filed: June 1, 2016
[Unpublished]

_____

Before WOLLMAN, LOKEN, and BENTON, Circuit Judges.

_____

PER CURIAM.

The district court[1] declined to reduce Savino Capuchino Aguilar's sentence under 18 U.S.C. § 3582(c)(2). He appeals, contending the court abused its discretion by failing to adequately consider the § 3553(a) factors and a purpose of Amendment 782. *See* 18 U.S.C. § 3553(a); *U.S. Sentencing Guidelines Manual* § 1B1.10(d) (2014) (incorporating Amendment 782). Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

In November 1998, a jury convicted Aguilar of five counts: distributing methamphetamine within 1000 feet of a school (three counts), possessing with intent to distribute meth within 1000 feet of a school, and conspiracy to distribute meth within 1000 feet of a school. *United States v. Aguilar*, 1999 WL 822532, at *1 (8th Cir. 1999) (unpublished).

Aguilar's original offense level of 44, with a criminal history Category III, resulted in a sentencing range of mandatory life. Aguilar was sentenced to 480 months' imprisonment on the distribution counts, and life imprisonment on the other counts, to be served concurrently.

In March 2015, the court found that Aguilar was eligible for a sentencing reduction under § 3582(c)(2) and Amendment 782. At the reduced offense level of 42, the guideline range is 360 months to life. The court on its own motion held a hearing to consider reducing Aguilar's sentence. He asked for a reduction to 360 months. The district court made no adjustment to the sentence.

The decision to reduce a sentence under § 3582(c)(2) is reviewed for an abuse of discretion. *United States v. Burrell*, 622 F.3d 961, 964 (8th Cir. 2010) (applying

---

[1]The Honorable Linda R. Reade, Chief Judge of the United States District Court for the Northern District of Iowa.

the same standard as original sentencing decisions) (citing *Gall v. United States*, 552 U.S. 38, 50 (2007)).  In the absence of procedural error below, the reviewing court "'consider[s] the substantive reasonableness of the sentence imposed . . . .'" *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting *Gall*, 552 U.S. at 51).  This court "presume[s] that sentences within the Guidelines range are substantively reasonable." *United States v. Woodard*, 675 F.3d 1147, 1152 (8th Cir. 2012), *citing United States v. Robinson*, 516 F.3d 716, 717 (8th Cir. 2008).

Aguilar asserts that the refusal to reduce his sentence was substantively unreasonable because a 360-month sentence, followed by likely deportation to Mexico, is sufficient to meet the aims of § 3553(a).  Aguilar stresses that one purpose of Amendment 782 is to alleviate the overcapacity of federal prisons.  According to Aguilar,  a 360-month sentence sufficiently reflects the seriousness of the crime and protects the public–two considerations under § 3553(a).  Aguilar claims that the court unreasonably emphasized the negatives of his criminal history and prison conduct, while overlooking his positive changes while incarcerated (including educational achievements and a clean disciplinary record since 2011).

The district court first noted that life imprisonment is still within the new guideline range, 360 months to life.  Second, the court disagreed that a 360-month sentence sufficiently reflected the seriousness of the crime, noting Aguilar led an operation involving large amounts of meth, firearms, and assaultive behavior.  The court also emphasized his assaultive behavior inside prison, and his continued failure to take responsibility for his criminal conduct.

Aguilar complains that the court did not properly weigh his positive against his negative qualities.  However, "[u]nder the deferential abuse-of-discretion standard . . . the court has substantial latitude to determine how much weight to give the various factors under § 3553(a)." *United States v. Ruelas-Mendez*, 556 F.3d 655, 657 (8th Cir. 2009) (finding no abuse of discretion in giving little weight to factors most favorable

to the defendant).  The court did not abuse its discretion by declining to weigh § 3553(a) factors the way Aguilar requested.  The district court's sentence is substantively reasonable.

*******

The judgment is affirmed.

_____