# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1972
_____

United States of America

*Plaintiff - Appellee*

v.

Shonda A. Hoskins, also known as Shonda Ellison

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted:  November 1, 2016
Filed: November 4, 2016
[Unpublished]

_____

Before WOLLMAN, ARNOLD, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

After pleading guilty to conspiring to defraud the United States, Shonda Hoskins appeals the district court's[1] judgment imposing a sentence of 18 months and

_____

[1]The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas.

ordering $800,000 in restitution. Counsel has moved for leave to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that Hoskins should not be held responsible for the $800,000 in restitution, and that the sentence was substantively unreasonable. Hoskins has filed a supplemental brief, which argues that the statute of limitations expired in the year she was indicted.

We find that Hoskins waived her arguments regarding the restitution amount and the statute of limitations, as she pled guilty pursuant to a written plea agreement which stipulated a minimum restitution amount of $800,000, see United States v. Soriano-Hernandez, 310 F.3d 1099, 1103-04 (8th Cir. 2002) (holding that guilty plea waives statute-of-limitations defense); United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995) (defendant who explicitly and voluntarily exposes himself to specific sentence may not challenge it on appeal); and that the court did not abuse its discretion in imposing an 18-month prison term, as it properly considered the 18 U.S.C. § 3553(a) factors, see United States v. Miller, 557 F.3d 910, 917 (8th Cir. 2009) (under substantive-reasonableness test, district court abuses its discretion if it fails to consider relevant § 3553(a) factor, gives significant weight to improper or irrelevant factor, or commits clear error of judgment in weighing factors). We have also independently reviewed the record pursuant to Penson v. Ohio, 488 U.S. 75 (1988), and have found no non-frivolous issues.

The judgment is affirmed, counsel's motion to withdraw is granted, and appellant's pending motion is denied.

_____